JONES, JUDGE, DISSENTING:
*921 Respectfully, I dissent. The majority premises its opinion largely on its conclusion that there was insufficient evidence to establish that Charles touched O.H.'s breast for sexual gratification. O.H. characterized the touching as Charles having grabbed her breast. Robin testified that Charles told her he "barely brushed by" O.H.'s breast. The trial court heard these opposing characterizations of the type of touching that occurred.
O.H. used the term "grab" to refer to the touching of her breast. She testified: "he grabbed my boob." By definition, "grabbing" is an intentional act. Indeed, Merriam-Webster defines "grab" when used as a verb as: "to take or seize by or as if by a sudden motion or grasp ... to obtain without consideration of what is right or wrong ... to take hastily." The trial court was best positioned to weigh the competing testimony and make a determination regarding the nature of touching that occurred. O.H.'s characterization of Charles's touching as grabbing was sufficient evidence from which the trial court could conclude that Charles's actions were intentional.
The next inquiry is then to determine whether Charles's conduct was done for the purpose of sexual gratification. It should go without saying that a defendant rarely, if ever, will admit to a touching having been for sexual gratification. More often than not the element of sexual gratification must be proven through circumstantial evidence. Such evidence can consist of the circumstances surrounding the touching as well as the defendant's behavior towards the victim on other occasions. See Edmondson v. Commonwealth , 526 S.W.3d 78, 87 (Ky. 2017) ("Jessica testified that Appellant showed unrelenting interest in her, commented on her femininity, and stared at her throughout the night in question. In addition, Jessica testified that Appellant grabbed her buttocks on numerous occasions. Thusly, it was not clearly unreasonable for the jury to find beyond a reasonable doubt that Appellant's touching of Jessica was done for the purpose of sexual gratification.").
With all due respect to my colleagues, I wholeheartedly disagree with their conclusion that there was insufficient evidence to establish that Charles's act of grabbing O.H.'s breast was done with the intent to gratify his sexual desires. In my opinion, the circumstances leading up to Charles grabbing O.H.'s breast are similar to those in Edmondson . In Edmondson , the defendant was indicted for a single count of sexual abuse. At trial, the victim, an eleven-year-old girl, testified that Edmondson promised to give her a dollar for every point she scored during a youth basketball game. She testified that "[e]ach time Appellant paid her the reward, he grabbed her buttocks. Later in the evening, Appellant grabbed Jessica's buttocks once more when saying goodbye." Edmondson , 526 S.W.3d at 81 (emphasis added). On appeal, the defendant argued that the trial court should have entered a directed verdict in his favor because there was no evidence presented from which the jury could have concluded that he grabbed the victim's buttocks for the purpose of sexual gratification. The Kentucky Supreme Court explicitly stated the defendant's argument had "no merit." In so doing, the Court pointed out sexual gratification can be proven from the actions of an accused and the surrounding circumstances. The Court then concluded that the circumstances surrounding the defendants grabbing of the victim's buttocks at the basketball game *922 were sufficient to submit the question of sexual gratification to the jury. Those circumstances, like the present ones, were subtle-staring at the victim and commenting on her femininity.
In this case, O.H. described the circumstances leading up the touching. O.H. and Charles were alone in a vehicle. Charles was driving. O.H. was in the passenger's seat. She testified that Charles asked her several questions about the type of bra she was wearing and if he could touch it. She testified that he then "grabbed her boob." Under these circumstances, I, like the trial court, can fathom no reason other than sexual gratification for Charles to reach over from the driver's seat of the vehicle and "grab" O.H.'s breast.
I believe there was sufficient evidence put forth at the evidentiary hearing, consistent with Edmondson , from which the trial court could conclude that Charles committed an act of sexual abuse/assault had occurred. Moreover, I believe that O.H.'s testimony regarding the sexualized conversation Charles had with her on September 23, 2017, was sufficient evidence from which the trial court could conclude that O.H. was a risk of further abuse and/or assault by Charles.